The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THE PEPSI BOTTLING GROUP, INC.,<br><br>Plaintiff,<br><br>v.<br><br>DONALD THOMAS; PROGRESSIVE CASUALTY INSURANCE COMPANY; and SAFECO INSURANCE COMPANY OF AMERICA,<br><br>Defendants. | Case No. C10-54 MJP<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS** |

This matter comes before the Court on Defendant Donald Thomas's Fed. R. Civ. P. 12(b)(6) motion to dismiss. (Dkt. No. 7.) Having reviewed the motion, Plaintiff The Pepsi Bottling Group, Inc.'s response (Dkt. No. 14), Defendant's reply (Dkt. No. 15), and all papers submitted in support thereof, the Court DENIES Defendant's motion for the reasons set forth below.

**Background**

Defendant Donald Thomas ("Thomas") was injured in an accident on August 15, 2007. (Dkt. No. 1 ¶ 9.) Plaintiff The Pepsi Bottling Group, Inc. ("PBG") is the plan administrator and fiduciary of Thomas's Employee Health Care Program (the "Plan"), which PBG alleges is "self-

funded and covered by ERISA." (Id. ¶¶ 1, 2, 8.) The Plan contains a participant reimbursement provision, which states in relevant part,

> If you receive any type of payment, reimbursement, or legal recovery from the third party or an insurer, you are obligated to reimburse the plan for any expenses which the plan paid to you . . . .

(Id. ¶ 11.)

After the accident, the Plan paid $501,001.74 in medical bills on Thomas's behalf. (Id. ¶ 10.) Thomas then filed suit in state court against "one or more parties involved in the automobile accident." (Id. ¶ 12.) PBG alleges "upon information and belief" that "Thomas settled his claims relating to the August 15, 2007, accident for approximately $606,488.99." (Id. ¶ 13.) In response to the alleged settlement, PBG requested that Thomas reimburse the Plan in the amount of $501,001.74. (Id. ¶ 14.) Thomas refused. (Id.) PBG alleges "upon information and belief" that Progressive Casualty Insurance Company ("Progressive") and Safeco Insurance Company of America ("Safeco"), additional defendants in this action, are in possession of the settlement funds. (Id. ¶ 15.)

PBG filed a complaint against Thomas, Progressive, and Safeco, both to enforce the terms of the plan and for equitable relief arising under ERISA. (Dkt. No. 1.) Thomas moves to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6), asserting the complaint fails as a matter of law.

**Analysis**

A. Motion to dismiss standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." Iqbal, 129 S. Ct. at 1949 (citing

Twombly, 550 U.S. at 545) (further noting that plausibility lies somewhere between allegations that are "merely consistent" with liability and a "probability requirement"); see also Moss v. United States Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009) ("In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Iqbal at 1949). "In reviewing the sufficiency of a complaint, '[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 249 (9th Cir. 1997) (citation omitted). The Court must accept plaintiff's factual allegations as true, but need not accord the same deference to legal conclusions. Iqbal at 1949-50 (citing Twombly at 555). Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal at 1950 (citation omitted).

B. Motion to dismiss

Thomas contends that PBG failed to state a claim upon which relief can be granted. (Dkt. No. 7); see Fed. R. Civ. P. 12(b)(6). The Court disagrees. Thomas's attempts to show PBG's alleged failure are ineffective because they do not focus on the face of the complaint and the plausibility of PBG's entitlement to relief, but rather on the underlying merits of the case. These attempts are inconsistent with Fed. R. Civ. P. 12(b)(6) and relevant case law. See Fed. R. Civ. P. 12(b)(6); see also Moss, 572 F.3d at 969 (citing Iqbal); see also Gilligan, 108 F.3d at 249.

PBG's complaint seeks equitable relief under ERISA statute 29 U.S.C. 1132(a)(3), which reads:

> A civil action may be brought . . . by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

Id.; (see Dkt. No. 1.) Specifically, PBG seeks "equitable relief, including, but not limited to, equitable lien by agreement, restitution, imposition of a constructive trust, and to enforce ERISA and the terms of the Plan." (Dkt. No. 1. ¶ 16.) The relief requested falls within the margins of the ERISA statute, and the complaint's alleged facts are sufficient to make entitlement to this relief plausible. (Dkt. No. 1); see 29 U.S.C. 1132(a)(3); see Iqbal.

First, the complaint establishes PBG as a fiduciary and Thomas as a participant, thereby creating standing under the relevant statute. (Dkt. No. 1 ¶¶ 2, 8); see 29 U.S.C. 1132(a)(3). Second, the complaint cites the Plan's language requiring Thomas to reimburse the Plan for any payments made if and when Thomas receives "any type of payment, reimbursement or legal recovery from the third party or an insurer." (Id. ¶ 11.) This fact reasonably implies that, under certain circumstances, Thomas has a legal obligation to reimburse the Plan. Third, the complaint alleges that the Plan paid for Thomas's medical expenses. (Id. ¶ 10.) Fourth, it alleges that Thomas settled his claim with a third party.[1] (Id. ¶ 13.) Fifth, the complaint alleges that Defendants Progressive and Safeco are in possession of the settlement funds. (Id. ¶ 15.) These factual allegations reasonably imply that Thomas's reimbursement obligation has been triggered.

The fact that Progressive and Safeco are in possession of the funds does not automatically preclude PBG from asserting its reimbursement rights. Under the Plan, reimbursement is required when a participant "receive[s] any type of . . . legal recovery . . . ." (Id. ¶ 11.) A settlement is a legal contract entitling parties to a designated recovery. Thus, for purposes of this motion, the alleged settlement reasonably implies that Thomas has received legal recovery and must reimburse PBG. Finally, the complaint alleges that despite the Plan's request, Thomas refused to reimburse the Plan. (Id. ¶ 14.) As a whole, these facts sufficiently "'state a claim to relief that is plausible on its face.'" See Iqbal at 1949.

[1] Thomas argues that the Court should reject this allegation based in part on PBG's use of the phrase "upon information and belief." (Dkt. No. 7 at 2.) The Court disagrees. For purposes of this motion, the Court accepts as true the allegation that Thomas entered into a settlement. See Iqbal at 1949 (citing Twombly). As a result, the Court need not address PBG's request that Thomas be judicially estopped from denying settlement. (See Dkt. No. 14 at 5.)

In addition to arguing that the Court should disregard PBG's settlement allegation, Thomas explicitly denies that any settlement occurred in his underlying case. (Dkt. No. 7 at 6, 8.) Such a denial is inappropriate at this stage of the proceedings, in a motion where the Court is required to accept as true a plaintiff's factual allegations. See Iqbal at 1949. Thomas's motion to dismiss is DENIED.

**Conclusion**

PBG's alleged facts allow the Court reasonably to infer that Thomas may have violated the Plan's reimbursement provision, and that the Court may need to enforce this provision under 29 U.S.C. 1132(a)(3). See Iqbal at 1949; see 29 U.S.C. 1132(a)(3); (see Dkt. No. 1.) Accordingly, PBG should be "entitled to offer evidence to support [its] claims." Gilligan at 249. The Court DENIES Thomas's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

The Clerk shall transmit a copy of this Order to all counsel of record.

Dated this 8th day of April, 2010.

Marsha J. Pechman
United States District Judge