1

2          UNITED STATES DISTRICT COURT
      WESTERN DISTRICT OF WASHINGTON
3                AT SEATTLE

4   THE PEPSI BOTTLING GROUP, INC.,

5                      Plaintiff(s),
                                              NO. C10-54MJP
6          v.
                                              ORDER ON MOTIONS
7   DONALD THOMAS, et al.,

8                      Defendant(s).

9

10          The above-entitled Court, having received and reviewed

11      1.     Defendant Thomas' Motion to Dismiss on Summary Judgment with Prejudice (Dkt.

12             No. 23), Plaintiff's Response to Defendant Thomas' Motion for Summary Judgment

13             (Dkt. No. 27), and Defendant Thomas' Reply re: Motion to Dismiss on Summary

14             Judgment with Prejudice (Dkt. No. 29);

15      2.     Defendant Thomas' Second Motion on Summary Judgment to Dismiss

16             Reimbursement Claim and Motion for Terms (Dkt. No. 30), Plaintiff's Response to

17             Second Motion for Summary Judgment of Defendant Donald Thomas (Dkt. No. 36),

18             and Defendant Thomas' Reply re: Second Motion on Summary Judgment to Dismiss

19             Reimbursement Claim and Motion for Terms (Dkt. No. 44);

20      3.     Plaintiff's Motion to Stay This Action Pending Election by Defendant Thomas of

21             Whether to Settle His State Court Action or Proceed to Trial (Dkt. No. 31), Defendant

22             Thomas' Response to Motion for Stay (Dkt. No. 33), Plaintiff's Reply to Defendant

23             Thomas' Response to Plaintiff's Motion to Stay This Action Pending Election by

24             Defendant Thomas of Whether to Settle His State Court Action or Proceed to Trial

25             (Dkt. No. 45)

26   ORDER ON MOTIONS - 1

1    and all attached declarations and exhibits, makes the following ruling:

2        IT IS ORDERED that Defendant's Motion to Dismiss on Summary Judgment with Prejudice

3    is GRANTED, and this matter is DISMISSED with prejudice.

4        IT IS FURTHER ORDERED that the remaining motions are STRICKEN as MOOT.

5    **Background**

6        This litigation has a rather tortured procedural history.  It began as an action arising out of a

7    motorcycle accident filed in King County Superior Court (No. 07-2-32226-4SEA, <u>Thomas v. Powell,</u>

8    <u>et al.</u>) by the injured party (Thomas) against the alleged tortfeasors and their insurance companies.

9    At some point during that lawsuit, the Superior Court judge issued an Order to Show Cause against

10   Pepsi Bottling Group, Inc. ("PBG") to show cause "why Pepsi Bottling Group should not substitute

11   its own draft for the tortfeasors' settlement amount."  (C10-53MJP, Dkt. No. 2, p. 5.)  The evidence

12   presented to this Court indicates that Thomas and the tortfeasors' insurance companies had reached a

13   tentative settlement.  The proposed settlement was for an amount only slightly larger than PBG had

14   paid for the medical costs expended for Thomas' care and treatment following the accident under

15   Thomas' ERISA plan ("the Plan").  Thomas' ERISA plans provides for the reimbursement of

16   medical costs to the Plan out of any moneys received from settlement of an accident victim's claims.

17       PBG responded to the Order to Show Cause in state court by removing the matter to this

18   forum.  (C10-53MJP, Dkt. No. 1.)  That attempt was unsuccessful, and the case was remanded to

19   state court four months later.  (<u>Id.</u>, Order Granting Plaintiff's Motion for Remand, Dkt. No. 24.)

20   However, PBG (simultaneously with the removal of the state lawsuit) filed the instant case in this

21   court, seeking "a declaratory judgment, injunction, equitable lien by agreement, constructive trust,

22   and restitution against Defendant Thomas, and requiring Defendants Thomas, Progressive and

23   Safeco, to turn over to Plaintiff, as plan administrator for the Plan, $501,001.74, including

24   appropriate pre-judgment and post-judgment interest. . ." (C10-54MJP, Dkt. No. 1, p. 5.)  It is this

25   complaint which Defendant Thomas seeks to dismiss pursuant to his summary judgment motions.

26   **ORDER ON MOTIONS - 2**

1   Plaintiff, on the other hand, seeks a stay of this action until Thomas has either finalized his settlement

2   agreement in state court or taken his state court matter to trial and received a verdict.

3           For purposes of this case and these motions, the Court finds the following material facts

4   undisputed: Thomas has not finalized a settlement with either the alleged tortfeasors or their

5   insurance companies; he has received no funds related to a settlement of the underlying state court

6   matter and the insurance companies have set aside no specific fund from which to award Thomas a

7   settlement should their agreement to resolve the state court lawsuit be finalized.  <u>See</u> Declarations of

8   Carey, Wieburg, Tidwell, Robinson, Rinehart and Maxwell, Dkt. No. 23.

9   **Discussion**

10  <u>Summary Judgment Motion #1</u>

11          PBG brought this federal action in its capacity as ERISA plan administrator.  By statutory

12  definition, ERISA causes of action sound in equity; they are actions

13          . . . by a . . . fiduciary (A) to enjoin any act or practice which violates . . . the terms of the
        plan, or (B) to obtain *other appropriate equitable relief* (i) to redress such violation or (ii) to
14      enforce any provisions of . . . the terms of the plan.  29 U.S.C. § 1132(a)(3)[§ 502(a)(3)]
        (emphasis supplied).

15
        The Supreme Court and the Ninth Circuit are in accord:
16

17      [T]he term "equitable relief" in § 502(a)(3) must refer to "those categories of relief that were
        typically available *in equity*. . . <u>Great-West Life & Annuity Ins. Co. v. Knudson</u>, 534 U.S.
18      204, 210 (2002)(citations omitted)(emphasis supplied).

19      To state a cause of action under § 1132(a)(3), an ERISA plan must "demonstrate (1) that it is
        an ERISA fiduciary, and (2) that it is seeking *equitable, rather than legal, relief* . . . The
20      remedies of restitution and the imposition of a constructive trust are available under §
        1132(a)(3), but only as true equitable remedies. . ." <u>Carpenters H & W Trust v. Vonderharr</u>,
21      384 F.3d 667, 672 (9th Cir. 2004)(citations omitted)(emphasis supplied).

22          Defendant's request for summary judgment is premised on the argument that "[w]hile a legal

23  judgment can be brought [against] a party's general assets, a claim in equity must be made against a

24  specific chose in possession, thing, or asset."  Motion, p. 4.  The <u>Knudson</u> case supports that position:

25

26  **ORDER ON MOTIONS - 3**

[F]or restitution to lie in equity, the action generally must seek not to impose personal liability on the defendant, but to restore to the plaintiff particular funds or property in the defendant's possession. Knudson, 534 U.S. at 214.

The Court's analysis of this case based on the material facts not in dispute is straightforward: because there is no finalized settlement and Thomas has received no funds from the insurance companies in the state court action, there are no "particular funds or property" in Thomas's possession which can be attached in equity.

Furthermore, under the terms of the Plan itself, Thomas has no obligation to pay the ERISA fiduciary back until he has actually received payment.  PBG's own complaint acknowledges that it is the receipt of money which triggers the obligation under the Plan to reimburse.  See Complaint, ¶ 11, p. 3. (quoting from the Plan: "*If you receive any type of payment, reimbursement or legal recovery from the third party or an insurer*, you are obligated to reimburse the plan. . .")(emphasis supplied)

PBG's response to Defendant's position is well wide of the mark: Plaintiff keeps pointing to the existence of a settlement and argues that Thomas's representation to the state court that there is a settlement should somehow estop him from using the lack of a finalized agreement (with a resultant transfer of funds) to defeat PBG's lawsuit here.

But the issue is not whether there is a settlement (although PBG has not produced any evidence that there is one); the issue is whether there is a specifically identifiable fund (i.e., money received by Thomas pursuant to a finalized agreement) which is the only proper subject of an equity action.  PBG refers to Thomas's failure to finalize the agreement as a "tactic" for which he should not be rewarded (Response, pp. 3-4), but cites no authority that the procedure utilized by Thomas in the state court action is improper or ineffective.  The fact is that a state court judge has ordered PBG to show cause why it should not appear in state court and substitute its own draft for the tortfeasors' settlement amount; as of the noting date of this motion, it had not done so.

The Court notes in closing that nothing in PBG's responsive pleadings offers any counterargument or contrary authority to Defendant's position regarding the absence of a "particular

**ORDER ON MOTIONS - 4**

1   fund or property" which could properly be attached by this Court acting in equity.  The Court will

2   assume that in the absence of any such argument, PBG concedes the validity of Defendant's position.

3          Defendant Thomas is entitled to summary judgment on the grounds plead.  His motion will be

4   GRANTED and this matter will be DISMISSED with prejudice.

5   Summary Judgment #2/Motion to Stay

6          In light of the final nature of the Court's ruling on Defendant's first summary judgment

7   motion, there is no reason to reach the merits of the other two motions filed by the parties.  The Court

8   does observe in passing, however, that PBG's request for a stay (which seeks to halt these

9   proceedings until Thomas has either finalized a settlement or resolved his claims through trial at the

10  state court level) simply highlights the absence of any current case or controversy upon which this

11  Court may properly establish jurisdiction in this matter.

12         Defendant's second motion for summary judgment and Plaintiff's motion for a stay will be

13  STRICKEN as MOOT in light of the dismissal of Plaintiff's case with prejudice.

14

15         The clerk is ordered to provide copies of this order to all counsel.

16         Dated: ____July 1_____, 2010

17

18         Marsha J. Pechman
           U.S. District Judge

19

20

21

22

23

24

25

26  **ORDER ON MOTIONS - 5**